**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GRACE G. PECK, et al., | CIVIL ACTION NO. 08-3166 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| TOWNSHIP OF MANCHESTER, et al., |  |
| Defendants. |  |

**THE PLAINTIFFS** bringing this action, inter alia, for relief pursuant to 42 U.S.C. § 1983 ("Federal Action") (dkt. entry no. 1, Compl.); and the defendants moving to dismiss the complaint pursuant to the Younger abstention doctrine (dkt. entry no. 15, Not. of Mot.), see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982), Younger v. Harris, 401 U.S. 37, 43-54 (1971); and the defendants arguing, inter alia, that "the plaintiff[s] here [are] defending a [related] pending criminal prosecution in the State court system" (dkt. entry no. 15, Defs. Br. at 4); and

**THE PLAINTIFFS** responding that Younger abstention does not apply, but that "it appears abstention under [Samuels v. Mackell, 401 U.S. 66 (1971)] is appropriate", and thus they "cannot oppose the pending application" (dkt. entry no. 17, Pls. Br. at 1-2); but it appearing that any distinct relief announced in Samuels has been subsumed by the Younger abstention doctrine, see Ivy

Club v. Edwards, 943 F.2d 270, 278 n.7 (3d Cir. 1991) (stating Samuels itself resolved issues raised therein by reference to Younger); and thus it appearing that the plaintiffs raise a distinction without a difference; but

**IT APPEARING** that the Court lacks the authority to dismiss the complaint pending the resolution of the related state proceedings herein, and may only stay and administratively terminate the Federal Action, see Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 (3d Cir. 1992) (stating same), Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J.) (same), aff'd, 39 F.3d 1168 (3d Cir. 1994); and it appearing that an administrative termination of the Federal Action will not be the equivalent of a dismissal of the complaint with prejudice, and would be issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy, see Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"); and

**THE COURT** thus intending to (1) grant as unopposed the part of the motion seeking some form of abstention relief, (2) grant the part of the motion seeking that such relief be awarded under Younger, (3) deny the part of the motion seeking dismissal of the complaint, and (4) stay and administratively terminate the

Federal Action, with leave to any party to seek ancillary relief or reopen when appropriate; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                       s/ Mary L. Cooper
                                                      **MARY L. COOPER**
                                                      United States District Judge

Dated: October 24, 2008